

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOHNNY W. EWELL,
    Plaintiff,

v.            CIVIL ACTION NO. 18-CV-4872

GEORGE W. HILL
CORRECTION FACILITY, et al.
    Defendants.

FILED
JAN 03 2019
KATE BARKMAN, Clerk
By_____ Dep. Clerk

## MEMORANDUM

**TUCKER, J.**                                                  **DECEMBER  , 2018**

*Pro se* Plaintiff Johnny W. Ewell, who is currently incarcerated at the George W. Hill Correctional Facility ("GWHCF"), filed this civil action pursuant to 42 U.S.C. § 1983 against GWHCF, Warden Burns, Assistant Warden Collucci, the Geo Group Incorporated, and "Admin Medical Services Dpt." (ECF No. 2.) He has also filed a Motion for Leave to Proceed *In Forma Pauperis*. (ECF No. 1.) For the reasons set forth below, the Court will grant Ewell leave to proceed *in forma pauperis* and dismiss his Complaint with leave to amend.

## I. FACTS

Ewell alleges that on October 12, 2018, he was seen by the medical department at GWHCF. (Compl. at 3.) He suffers from "[abdominal] problems that cause ulcers and sever[e] pain in [his] stomach." (*Id.*) On October 13, 2018, Ewell was prescribed Protonix "for this illness." (*Id.*) Ewell alleges that the Protonix "caused worse pain and side effects." (*Id.*)

On October 30, 2018, Ewell told a correctional officer in his housing unit that he had a medical emergency and needed "to go to the prison hospital as soon as possible." (*Id.*) The nurse on duty checked his vitals and asked him "where the pain was and what was the cause [of the] pain." (*Id.*) Ewell told the nurse that he had "bloody stool, [severe] pain in [his] left side

and a knot on the left big intestine from taking [a] medication called Protonix." (*Id.*) The nurse directed Ewell to a nurse practitioner, who "then explained the side effects of Protonix could lead to damage to [his] organs." (*Id.*) Ewell alleges that "they did stop giving [him] the Protonix and [his] problem got worse." (*Id.*)

Ewell states that for injuries, he has suffered massive pain in his side, irregular bowel movements, dizziness, light-headedness, and mental and physical suffering "that the prison medical department refuses to do anything about." (*Id.*) As relief, he seeks a "complete medical evaluation and exam at the cost of [the] prison and GEO Group to see what if any is the result of the damages." (*Id.* at 5.) He also seeks $100,000.00. (*Id.*)

## II. STANDARD OF REVIEW

The Court will grant Ewell leave to proceed *in forma pauperis* because it appears that he is not capable of paying the fees to commence this civil action.[1] Accordingly, Ewell's Complaint is subject to 28 U.S.C. § 1915(e)(2)(B)(ii), which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements do not suffice." *Id.* As Ewell is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

---

[1] However, because Ewell is a prisoner, he will be obligated to pay the $350.00 filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

2

## III. DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). As discussed below, the Complaint fails to state a claim for relief at this time.

### A. Claims Against GWHCF and the GEO Group Incorporated

Ewell seeks to proceed against GWHCF itself. However, his claims against GWHCF must be dismissed because the facility "is not a legal entity susceptible to suit." *Cephas v. George W. Hill Corr. Facility*, Civ. A. No. 09-6014, 2010 WL 2854149, at *1 (E.D. Pa. July 20, 2010) (quoting *Ignudo v. McPhearson*, Civ. A. No. 03-5459, 2004 WL 1320896, at *2 (E.D. Pa. June 10, 2004)); *see also Regan v. Upper Darby Twp.*, Civ. A. No. 06-1686, 2009 WL 650384, at *4 (E.D. Pa. Mar. 11, 2009) ("[A] prison or correctional facility is not a 'person' that is subject to suit under federal civil rights laws.").

The GEO Group, Inc., acts under the color of state law by providing services for GWHCF. *See Belt v. GEO Group, Inc.*, No. 06-1210, 2007 WL 1030530, at *3 n.1 (E.D. Pa. Apr. 4, 2007) (citing *McCullum v. City of Philadelphia*, No. 98-5858, 1999 WL 493696, at *2 (E.D. Pa. July 13, 1999)). However, to hold The Geo Group, Inc. liable under § 1983, Ewell must allege that his constitutional rights were violated because of a custom or policy adopted by that entity. *See Cephas*, 2011 WL 2695311, at *2 (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 694 (1978). Ewell has not done so in his Complaint. Accordingly, he cannot maintain a claim against The Geo Group, Inc., at this time. *See McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009) (to satisfy the pleading standard for municipal liability under

3

§ 1983, a plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was").

**B.     Claims Against Warden Burns and Assistant Warden Collucci**

Ewell has also named Warden Burns and Assistant Warden Collucci as Defendants in this matter. "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. There are "two general ways in which a supervisor-defendant may be liable for unconstitutional acts undertaken by subordinates." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *reversed on other grounds by Taylor v. Barkes*, 135 S. Ct. 2042 (2015). First, a supervisor may be liable if he or she "'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *Id.* (quoting *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (alteration in original)). "Second, a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct." *Id.* Because Ewell fails to mention Burns and Collucci in the body of his Complaint, he has not stated a basis for imposing liability against them. Accordingly, his claims against them will be dismissed.

**C.     Claims Against "Admin Medical Services Dpt"**

Finally, Ewell has named "Admin Medical Services Dpt" as a Defendant. Presumably, Ewell is referring to the administrator of the medical services department at GWHCF.[2]

---

[2] If Ewell is referring to the medical department itself, the department is not a person subject to suit under § 1983. *See Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973) (concluding that the prison medical department was not a person for purposes of § 1983).

4

However, Ewell has not stated a claim against the administrator because nothing in the Complaint describes how the administrator was responsible for violating Ewell's rights, whether due to his or her own misconduct or his or her deliberate indifference to known deficiencies in a policy or procedure that violated Ewell's rights. *See Barkes*, 766 F.3d at 320. Accordingly, Ewell's claims against "Admin Medical Services Dpt" will be dismissed.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Ewell leave to proceed *in forma pauperis* and dismiss his Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). However, the Court will give Ewell an opportunity to file an amended complaint in the event he can state a plausible claim for relief against an appropriate defendant or defendants. A separate Order follows.

**BY THE COURT:**

**PETRESE B. TUCKER, J.**